17-1501-cr
*United States v. Sealed Defendant*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand eighteen.

Present:

> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
>     *Circuit Judges*,
> EDGARDO RAMOS,
>     *District Judge.*[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    17-1501-cr

SEALED DEFENDANT,

> *Defendant-Appellant*.

---

For Appellee:                          MICHAEL R. MAFFEI (David C. James, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

---

[*] Judge Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Defendant-Appellant:                    RICHARD D. HALEY, Haley Weinblatt & Calcagni, LLP, Islandia, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Sealed Defendant ("B.M.") was fifteen years old when he was arrested on October 21, 2014. Approximately twenty-two months later, on August 4, 2016, the government filed a Juvenile Information against B.M. which alleged that B.M. was a gang member who participated in a series of shootings that targeted individuals believed to be rival gang members. The Information charged B.M. with conspiracy to murder and assault with dangerous weapons, attempted murder, assault with dangerous weapons, attempted assault with dangerous weapons, threatening to commit crimes of violence, and discharging firearms during crimes of violence, in violation of 18 U.S.C. §§ 1959(a)(3)–(6), 924(c)(1)(A)(i)–(iii), 924(c)(1)(C)(i). On October 14, 2016, the government filed a motion to transfer B.M.'s case from juvenile status to the district court so that B.M. would be prosecuted as an adult pursuant to 18 U.S.C. § 5032. B.M. appeals from an April 26, 2017 order entered by the United States District Court for the Eastern District of New York which granted the government's transfer motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

Pursuant to 18 U.S.C. § 5032, a district court "may order the transfer of a juvenile to adult status only if it 'finds, after hearing, such transfer would be in the interest of justice.'" *United*

*States v. Doe*, 49 F.3d 859, 867 (2d Cir. 1995) (quoting 18 U.S.C. § 5032). In evaluating whether the transfer would be "in the interest of justice," the district court is required to consider and make findings on the record with regard to the following six factors:

> [1] the age and social background of the juvenile; [2] the nature of the alleged offense; [3] the extent and nature of the juvenile's prior delinquency record; [4] the juvenile's present intellectual development and psychological maturity; [5] the nature of past treatment efforts and the juvenile's response to such efforts; [6] the availability of programs designed to treat the juvenile's behavioral problems.

18 U.S.C § 5032. The notion of rehabilitation permeates this six-factor inquiry. *United States v. Nelson* ("*Nelson II*"), 90 F.3d 636, 640 (2d Cir. 1996). "If the court has considered all of these [§ 5032] factors, its decision to transfer a juvenile defendant to adult status is reviewable only for abuse of discretion." *Doe*, 49 F.3d at 867. We may conclude that the district court abused its discretion if it "fails to make the required factual findings or where the findings it does make are clearly erroneous." *United States v. Ramirez*, 297 F.3d 185, 192–93 (2d Cir. 2002) (quoting *United States v. Nelson* ("*Nelson I*"), 68 F.3d 583, 588 (2d Cir. 1995)). "Accordingly, this Court will not upset a district court's determination simply because we would have reached a different conclusion had we considered the matter in the first instance." *Id.* at 193 (internal quotation marks and brackets omitted).

The district court's well-reasoned opinion thoroughly considered all six § 5032 factors and made factual findings on the record with regard to each factor, so we review the district court's decision for abuse of discretion. *Doe*, 49 F.3d at 867. B.M.'s appeal only challenges the district court's assessment of two of the six § 5032 factors. First, B.M. argues that the district court abused its discretion in concluding that the fifth § 5032 factor (the nature of past treatment efforts and his response to such efforts) was neutral, because the fifth factor weighs against transferring B.M. Second, B.M. argues that the first §5032 factor (age and social background) should be

3

considered a neutral factor, and the district court abused its discretion in concluding that it weighed in favor of transfer. B.M. does not contend that the district court "fail[ed] to make the required factual findings," nor does he point to any clear error in the district court's findings. *See Ramirez*, 297 F.3d at 192–93. Instead, B.M. is essentially arguing that the district court should have come to a different conclusion based on the evidence before it. But even if we agreed with B.M., we "will not upset a district court's determination simply because we would have reached a different conclusion had we considered the matter in the first instance." *Id.* at 193 (citation omitted).

Moreover, a district court is permitted to weigh the six § 5032 factors "in any way that seems appropriate to it." *Nelson I*, 68 F.3d at 588. In its analysis, the district court correctly assumed, for purposes of the transfer hearing, that the government's allegations against B.M. are true. *Id.* at 589; *see also Ramirez*, 297 F.3d at 193 ("[W]e must take as true the allegations against the defendants for the purposes of [a § 5032 transfer order] appeal."). The government charged B.M. with participating in five shootings during a five-month period, by shooting at rival gang members or their associates, which resulted in four people being seriously injured. B.M. does not challenge the district court's assessment of the second § 5032 factor, nor its conclusion that "the extremely violent, non-isolated and prolonged nature of the alleged underlying offenses weigh[s] particularly heavily in favor of transfer." Special App. 16. "[W]hen a crime is particularly serious, the district court is justified in weighing [the second § 5032] factor more heavily than the other statutory factors." *Ramirez*, 297 F.3d at 193 (quoting *Nelson I*, 68 F.3d at 590). Given the seriousness of B.M.'s alleged crime, the thoroughness of the district court's analysis of all six § 5032 factors, and the district court's judgment that rehabilitation was unlikely, the district court was well within its discretion to grant the transfer motion so that B.M. may be prosecuted as an adult.

4

\*      \*      \*

We have considered B.M.'s remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.   The parties are directed to advise the Clerk of Court on or before fifteen days from the date of this order, by letter briefs not to exceed five single-spaced pages, as to which of the docket entries may be unsealed (with or without redaction) and whether the entire file on appeal can be unsealed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk